IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OUSMAN JABBI, A97-516-702　　　　　* | |
| 　　　　　Petitioner, | |
| v.　　　　　　　　　　　　　　　* | CIVIL ACTION NO. AW-05-1213 |
| U.S.D.C.　　　　　　　　　　　　* | |
| 　　　　　Respondent. | |
| ****** | |

**<u>MEMORANDUM</u>**

On May 2, 2005, Ousman Jabbi, a Department of Homeland Security ("DHS"), Immigration and Bureau of Customs Enforcement ("ICE") detainee housed at the Dorchester County Detention Center in Cambridge, Maryland, filed this 28 U.S.C. § 2241 letter Petition for writ of habeas corpus seeking immediate release or removal.[1]

Petitioner claims he is a university student and a resident of France who traveled to the United States on a shopping trip during the summer of 2004. Paper No. 1. He asserts that the French passport he used turned out to be "hot" and he was arrested by authorities at J.F.K. Airport in New York on August 25, 2004. *Id*. According to Petitioner, he was given three months "time served" at a federal facility and has been in DHS custody for removal since December 10, 2004. *Id*. He complains that although his Deportation Officer informed him he would be leaving for France during the last week of March, 2005, he and his family are still waiting for his removal and return to France.

Petitioner predicates his claims on the failure of ICE to effect his removal to France. The Court

---

[1] The proper party Respondent in this case would be Steven R. Williams, Warden of the Dorchester County Detention Center. *See Rumsfield v. Padilla*, 124 S.Ct. 2711, 2717-18 (2004) (where alien is solely challenging his detention, proper respondent is custodian). The Clerk shall modify the docket accordingly.

finds, however, that Petitioner's post-removal-order custody does not, at present, violate the dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final judicial or administrative order of removal only for a period reasonably necessary to bring about that alien's removal from the United States.[2] *Zadvydas*, 533 U.S. at 701. Associate Justice Stephen G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." *Id.* After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention. *Id.*

Petitioner claims that he was taken into DHS custody for removal on December 10, 2004. Under Supreme Court caselaw his challenge to his continued custody is premature. The Court finds that his current detention violates neither procedural nor substantive due process. The Petition for writ of habeas corpus shall be dismissed without prejudice.[3]

A separate Order follows.

Date: May 9th, 2005.                    "s"
                                         Alexander Williams Jr.
                                         United States District Judge

---

[2] Although it appears that Petitioner was not legally admitted to the United States, he is entitled to the same due process protections. *See Clark v. Suarez-Martinez*, 125 S.Ct. 716, 722-23 (2005).

[3] A courtesy copy of this Opinion shall be provided to District Counsel so as to place ICE officers on notice of this Petition and Petitioner's post-removal-order detention concerns.